[No. B045503. Second Dist., Div. Two. Jan. 24, 1990.]

CITY OF LOS ANGELES et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
FRED SIMON LANDIS, Real Party in Interest.

**COUNSEL**

James K. Hahn, City Attorney, John T. Neville and Richard M. Helgeson, Assistant City Attorneys, and Katherine J. Hamilton, Deputy City Attorney, for Petitioners.

No appearance for Respondent.

Lawrence Teeter for Real Party in Interest.

**OPINION**

**FUKUTO, J.**—In this mandamus proceeding, two defendants seek a writ to compel the superior court to sustain their demurrer, based on the statute of limitations.

According to the allegations of the first amended complaint, which we of course accept as true at this stage, plaintiff was detained and strip-searched at the Los Angeles International Airport by employees of the United States Customs Service on March 1, 1982. Plaintiff was then taken into custody by officers of the Los Angeles Police Department, which made further successive body searches at its airport substation, the Venice Division headquarters, the Municipal Court in Culver City, and the Los Angeles County Jail. Plaintiff alleges each of these searches was conducted pursuant to official policies and practices of the City of Los Angeles, was unjustified and unnecessary, and violated his constitutional rights. Named as defendants are the City of Los Angeles (City) and Robert Poteete, whom the complaint identifies as an officer of the Los Angeles Police Department.

Plaintiff filed his complaint on February 28, 1986, just short of four years after the events of which he complains. After a delay of an additional three years, on February 8, 1989, plaintiff served the complaint on the City.

The defendants demurred, arguing plaintiff's claim is barred by either the one-year statute of limitations for invasion of privacy actions or the three-year statute of limitations for federal civil rights claims under 42 United States Code section 1983. (See *Gibson* v. *United States* (9th Cir. 1986) 781 F.2d 1334, 1338-1339; *Briley* v. *State of California* (9th Cir. 1977) 564 F.2d 849, 854-855.)

In opposition, plaintiff argued his action arises under the Fourth and Fourteenth Amendments of the United States Constitution; is brought pursuant to *Bivens* v. *Six Unknown Fed. Narcotics Agents* (1971) 403 U.S. 388 [29 L.Ed.2d 619, 91 S.Ct. 1999]; and is therefore governed by a four-year limitations period. (See *Gibson* v. *United States, supra*, 781 F.2d at p. 1342, applying a four-year limitations period, but suggesting a shorter period may apply.)

The trial court overruled the demurrer, and this petition followed.[1]

■ The demurrer should have been sustained, without leave to amend. *Bivens* held that a violation of the Fourth Amendment's command against unreasonable searches and seizures, by a federal agent acting under color of federal authority, gave rise to a claim for damages. Nothing in that decision suggests its holding extends to claims arising from the acts of agents of the states. (See *Molina* v. *Richardson* (9th Cir. 1978) 578 F.2d 846, cert. den. 439 U.S. 1048 [58 L.Ed.2d 707, 99 S.Ct. 724]; see generally Annot. (1980) 64 L.Ed.2d 872, §§ 2[a], 9, 10.)

Plaintiff relies on two cases suggesting a *Bivens* claim can be based on acts of state officers. Neither is persuasive.

In one case, *Novick* v. *City of Los Angeles* (1983) 148 Cal.App.3d 325, 333-334 [195 Cal.Rptr. 747], plaintiff alleged an unlawful search conducted by officers of the Los Angeles Police Department. The court of appeal reversed a judgment for plaintiff, on the ground the search was not a proximate cause of the harm plaintiff claimed to have suffered. The court added the following remark: "No doubt exists that Novick has asserted a proper *Bivens* claim; however, this is not the problem confronting us. Here, there were apparently no damages resultant . . . . *Bivens* clearly shows that the plaintiff there, if found capable of demonstrating on retrial an injury consequent upon the violation by federal agents of his Fourth Amendment rights, would be entitled to an award of damages . . . ." Novick's claim, however, was based principally on 42 United States Code section 1983, the federal statute which creates a cause of action for damages in favor of any person

---

[1] The City did not, at this stage, rely on the principle that a *Bivens* action can be maintained only against individual defendants. (See *Johnston* v. *Horne* (9th Cir. 1989) 875 F.2d 1415, 1424.)

deprived of legal rights by a defendant acting under color of state law: nearly every page of the *Novick* opinion cites that statute. In the second case, *Rutherford* v. *State of California* (1987) 188 Cal.App.3d 1267, 1288 [233 Cal.Rptr. 781], the court rejected a *Bivens* claim against state officials on the ground plaintiff had not shown defendants had deprived him of constitutional rights. The court noted that the parties had agreed, relying on *Bivens,* that there is a cause of action for damages for the taking of property without due process of law and without just compensation. This unremarkable proposition (see Cal. Const., art. I, § 19) hardly supports plaintiff's position that a *Bivens* claim can be maintained for alleged misconduct of local police officers.

Plaintiff cannot rely on *Bivens* as a basis for the claim he has pleaded. *Bivens* does not purport to provide a damages remedy, supplemental to that afforded by 42 United States Code section 1983, for conduct of state officers. Consequently, plaintiff's complaint was filed after expiration of the statute of limitations.

This is a proper case for issuance of a peremptory writ in the first instance. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893].) The matter having been fully briefed, issuance of an alternative writ would add nothing to the exposition of the issues.

Let a peremptory writ of mandate issue, directing respondent to vacate its order of August 16, 1989, overruling petitioners' demurrer to real party's first amended complaint, and to enter a new order sustaining the demurrer without leave to amend. Costs to petitioners.

Compton, Acting P. J., and Gates, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied May 3, 1990.