**WEYERHAEUSER SALES COMPANY, a corporation, et al., Libelants,**

v.

**THE CYNTHIA OLSON, her tackle, apparel, and machinery, et al., Respondents.**

No. 26387.

United States District Court
N. D. California, S. D.

Sept. 23, 1954.

James A. Quinby, Derby, Cook, Quinby & Tweet, San Francisco, Cal., for libelant.

Brobeck, Phleger & Harrison, Alan B. Aldwell, San Francisco, Cal., for respondent.

GOODMAN, District Judge.

The main issue in this cause is whether the jettisoning of libelants' shipments of lumber was caused by "peril of the sea" or by the unseaworthiness of respondent's vessel. If the former was the cause, libelants must lose; whereas they succeed in their libel if the latter was the cause.

The evidence shows that the Cynthia, while en route in coastal waters from Oregon to San Pedro, California, took a sudden list of approximately 35°. Whereupon, the Captain ordered the jettisoning of a part of the "on deck" lumber cargo.

In my opinion, the evidence is convincing that the sudden list was not due to a "peril of the sea." The condition of the sea was not of that extraordinary nature, which could not have been guarded against by an ordinarily prudent skipper. The Giulia, 2 Cir., 218 F. 744–746. The weather was not "too much for a well-found vessel to withstand." See Judge Learned Hand's decision in Philippine Sugar Central Agency v. Kokusai Kisen Kabushiki Kaisha, 2 Cir., 106 F.2d 32, at pages 34 and 35; Jones Lumber Company v. Roen Steamship Co., 7 Cir., 213 F.2d 370, at page 373. Nothing in the evidence indicates that the state of the sea or the velocity of the

wind, at the time of the jettisoning of the lumber, was of an extraordinary nature. Or that it was anything more than what would have been reasonably expected at the place and the time of the year. That the list was sudden under the circumstances, indicates another cause than the weather or sea.

While the evidence as to the alleged instability of the vessel and the mode of cargo stowage might not alone be convincing as to unseaworthiness, yet, taken in conjunction with the inferences justly drawable from the circumstances of the jettisoning, it compels the conclusion that the loss of the cargo resulted from the unseaworthiness of the vessel.

The shipping contracts required as a prerequisite to suit that claims of shippers "be presented in writing to carrier within ten days after discharge."

Libelant Schaecker-Kux Lumber Co. filed its claim within ten days after discharge of the vessel. Libelant Weyerhaeuser Sales Co., filed two months later and libelant Coos Bay Wood Products Co. failed to file at all.

In my opinion the time-for-claim clause in the shipping contracts does not debar Weyerhaeuser and Coos Bay from recovery. There is ambiguity in its wording. One rational interpretation is that the clause does not apply to goods which are totally lost and never discharged. This interpretation, most favorable to the shippers, should control since the clause was framed by the carrier alone and solely for its own benefit. Pope & Talbot v. Guernsey-Westbrook Co., 9 Cir., 1947, 159 F.2d 139. Particularly is this so in this cause, since the admitted timely filing of a claim by Schaecker-Kux Lumber Co. assures that respondent suffered no detriment by a late or non filing of claims by the other two libelants. Under these circumstances it would be most inequitable to deny relief to Weyerhaeuser and Coos Bay upon the basis of the time-for-claim clause.

Let a decree for libelants be entered.