Simon ANSCHUL, Individually and on behalf of all persons similarly situated, Plaintiff,

v.

SITMAR CRUISES, INC., Defendant.

No. 74 C 728.

United States District Court,
N. D. Illinois, E. D.

Sept. 18, 1974.

Jay A. Canel, Canel & Canel, Chicago, Ill., for plaintiff.

Michael A. Snyder, Bradley, Eaton, Jackman & McGovern, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

McGARR, District Judge.

The plaintiff, along with 757 other persons, booked passage aboard the defendant's vessel for a pleasure cruise and now seeks to recover for losses sustained because the itinerary of that cruise was altered. Presently before the Court for its consideration is the plaintiff's motion for a determination that this action be maintained as a class action.

The record indicates that the home address of each passenger was unknown to the defendant and so, in an effort to apprise the passengers of the changed itinerary, notice was sent to the various travel agents who had entered into the passage contracts on behalf of the defendant. Thus, any passenger who had received such notification and subsequently went on the cruise may ultimately be determined to have consented to the change. These persons would not be considered members of the class in any case.

■ The passage contract contained a time limitation of fifteen days within which passengers were to notify the defendant of any claim. Whether this provision has a binding effect depends on the determination whether the provision was formally incorporated into the contract of passage rather than only amounting to a notice. "Provisions that are mere notices are not operative, unless actually brought to the passenger's attention. * * * On the other hand, provisions that appear on the ticket as part of the contract of passage embodied in the ticket are binding regardless of whether they were read by the passenger, provided they are not unlawful in content." Hahn v. Norwegian American Line, 1973 A.M.C. 794, 798 (N.D.Ill. 1971), aff'd. per curiam 1973 A.M.C. 803 (7th Cir. 1973), citing Baron v. Compagnie General Transatlantique, 108 F.2d 21, 22 (2d Cir. 1939). A perusal of the ticket in the instant case reveals that on its face, at the bottom of the "box", there is a conspicuous statement that additional terms and conditions, including the fifteen day claim limitation, were part of the contract and became binding on the passengers. That these terms and conditions appeared on the "jacket" of the contract, does not alter our conclusion that they are, indeed, a binding part of the contract. Therefore, any passenger who failed to give the defendant timely notice of the above claim is barred from bringing suit against the defendant on that basis.

■ In the alternative, the plaintiff contends that his notification on behalf of himself and all others similarly situated sufficed for the other passengers. We do not agree. The plaintiff lacked authority to act as a representative of the other passengers and thus cannot circumvent the contractual provision in this manner. Nor do the decisions in American Pipe v. State of Utah, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) and Weyerhaeuser Sales Co. v. The Cynthia Olson, 131 F.Supp. 148 (N.D.Cal.1954), mandate a contrary holding.

■ Under the above circumstances, it is improbable that the class will be "so numerous that joinder of all members is impracticable", since only four passengers gave timely notice of their claims nor is there an adequate showing that "a class action is superior to other available methods for fair and efficient adjudication of the controversy". Rule 23, F.R.C.P.

Therefore, the plaintiff's motion for determination of a class is denied.