[No. B058688. Second Dist., Div. Four. Apr. 15, 1993.]

CLARICE HAYMAN, Plaintiff and Appellant, v.
SITMAR CRUISES, INC., et al., Defendants and Respondents.

COUNSEL

Fest & Williams and Stuart W. Fest for Plaintiff and Appellant.

Kaye, Rose & Maltzman, Lawrence W. Kaye and Bradley M. Rose for Defendants and Respondents.

## OPINION

## HOFFMAN, J.*—

### INTRODUCTION

Plaintiff and appellant Clarice Hayman (appellant) appeals from a judgment entered against her and in favor of defendants and respondents Sitmar Cruises, Inc. (Sitmar) and Princess Cruises, Inc. (Princess) (Sitmar and Princess are referred to collectively as respondents) after the grant of respondents' motion for summary judgment on the ground appellant's action was barred for her failure to effect service within one year. We reverse the judgment.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

On July 19, 1988, appellant, a passenger aboard the cruise ship Fairwind,[1] sustained injuries to her right arm and hand when the elevator in which she was riding stopped abruptly. She immediately reported the accident to shipboard personnel who took her statement and conducted an investigation.

On October 3, 1988, appellant's attorney wrote to Sitmar requesting information concerning Sitmar's liability insurance. Discussions between Sitmar and appellant's attorney followed, and several months later, on January 19, 1989, Sitmar's claims representative provided appellant with a copy of the accident report taken shipboard and requested that appellant's attorney provide him with copies of appellant's medical reports, her theory of liability, support for special damages, and a settlement demand. On February 1, 1989, appellant's attorney advised Sitmar that the information was being organized and he would be "in touch." On April 25, 1989, appellant's attorney submitted to Sitmar some medical records and an itemized statement of medical bills, then totalling $775. The parties had no further contact. Accordingly on February 5, 1990, over a year from the alleged injury, the claims representative advised Princess to close its file.

However, on June 14, 1989, unbeknown to respondents, appellant's counsel had filed, but not served, the complaint in this action. In fact, appellant

---

*Judge of the Municipal Court for the Los Angeles Judicial District sitting under assignment by the Chairperson of the Judicial Council.

[1] The Fairwind was then owned by Sitmar. Sitmar subsequently merged with Princess and the Fairwind was renamed the Dawn Princess.

did not serve this lawsuit until September 7, 1990, almost 15 months after the complaint was filed and over 2 years after the incident.

What is significant here, however, is that service was made 14 months beyond a 1-year limitations period for service of process which appeared on the back of appellant's cruise ticket passage contract. For that reason, on December 13, 1990, respondents moved for summary judgment in the superior court on the sole ground appellant's action was barred by her failure to serve respondents within one year of the injury.

Provision No. 14 on appellant's cruise ticket passage contract was entitled "CLAIMS FOR INJURY OR DEATH" and provided in pertinent part: "Sitmar shall not be liable for and no suit shall be maintainable for injury or death to the passenger unless (A) the passenger has given notice to Sitmar in writing with full particulars within six (6) months after the injury or death; and (B) the passenger has commenced suit and *served process regarding incidents of this nature within one (1) year.*" (Italics added.)

Provision No. 21 on the passage contract stated: "ENFORCEABILITY OF ENTIRE CONTRACT. If any terms or provisions of the contract are deemed invalid or unenforceable, the remainder of the contract and its application shall remain in full force and effect."

On February 4, 1991, the superior court granted respondents' motion for summary judgment. Appellant's motion for reconsideration was subsequently denied and, on March 21, 1991, judgment was entered in favor of respondents.

ISSUES

I. Is a clause in a cruise ticket passage contract, which provides that no suit may be maintained for injury or death to a passenger unless the passenger has commenced suit *and served process within one year*, lawful and enforceable as written? No.

II. Is that clause lawful and enforceable if the service of process provision is severed therefrom? Yes.

DISCUSSION

I. *Standard of Review.*

Since this case reaches us on appeal from a summary judgment in favor of respondents, we need only determine whether there is a possibility that

appellant may be able to establish her case. (*Frazier, Dame, Doherty, Parrish & Hanawalt* v. *Boccardo, Blum, Lull, Niland, Teerlink & Bell* (1977) 70 Cal.App.3d 331, 339 [138 Cal.Rptr. 670].)

■ "Summary judgment is properly granted where the evidence in support of the moving party, here the respondents, is sufficient to establish a complete defense to appellant's claims and there is no triable issue of fact. [Citations.]" (*Sprecher* v. *Adamson Companies* (1981) 30 Cal.3d 358, 362 [178 Cal.Rptr. 783, 636 P.2d 1121].)

On appeal from the grant of a summary judgment, the reviewing court must conduct a de novo examination to see whether the moving party is entitled to summary judgment as a matter of law or whether there are genuine issues of material fact. (*Krieger* v. *Nick Alexander Imports, Inc.* (1991) 234 Cal.App.3d 205, 211-212 [285 Cal.Rptr. 717].)

II. *That Portion of the Passage Contract Which Limits the Time for Service of Process Is Unlawful and Thus Unenforceable.*

■ Appellant argues the requirement in the limitations clause that process be served within one year shortens the time for the commencement of the action to less than one year and for that reason the limitation is unlawful under 46 United States Code Appendix sections 183b and 183c (hereafter sections 183b and 183c). Specifically, appellant urges the clause is private legislation of a limitations period, which is prohibited by section 183b, and lessens, weakens or avoids the right of appellants to bring a bodily injury claim, which is prohibited by section 183c.

A. *The Relevant Statutory Law.*

Revised statutes section 4283A (46 U.S.C. Appen. § 183b) provides: "Stipulations limiting time for filing claims and commencing suit [¶] (a) It shall be unlawful for the manager, agent, master, or owner of any sea-going vessel . . . transporting passengers . . . from or between ports of the United States and foreign ports to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of, or filing claims for *loss of life or bodily injury*, than six months, *and for the institution of suits on such claims, than one year*, such period for institution of suits to be computed from the day when the death or injury occurred." (Italics added.)

Revised statutes section 4283B (46 U.S.C. Appen. § 183c) provides: "It shall be unlawful for the manager, agent, master, or owner of any vessel transporting passengers . . . to insert in any rule, regulation, contract, or

agreement any provision or limitation (1) purporting, in the event of *loss of life or bodily injury* arising from the negligence or fault of such owner or his servants, to relieve such owner, master, or agent from liability . . . for such loss or injury, or (2) purporting in such event to *lessen, weaken, or avoid the right of any claimant to a trial by court of competent jurisdiction* on the question of liability for such loss or injury. . . . All such provisions or limitations contained in any such rule, regulation, contract, or agreement are declared to be against public policy and shall be null and void and of no effect." (Italics added.)

### B. *The Relevant Case Law*

■ A passage contract on a cruise ship is a maritime contract, and its interpretation is governed exclusively by maritime or admiralty law. (*The Moses Taylor* (1867) 71 U.S. (4 Wall.) 411, 427 [18 L.Ed. 397, 401-402]; see *Carnival Cruise Lines, Inc.* v. *Shute* (1991) 499 U.S. 585, ___ [113 L.Ed.2d 622, 629, 111 S.Ct. 1522, 1525.) The validity of a passage contract provision is to be interpreted by the general maritime law of the United States, not state law. (*McQuillan* v. *"Italia" Societa Per Azione di Navigazione* (S.D.N.Y. 1974) 386 F.Supp. 462, 468, affd. (2d Cir. 1975) 516 F.2d 896.) State courts, however, have concurrent jurisdiction with federal courts to entertain actions governed by maritime law. (*D'Aquisto* v. *Campbell Industries* (1984) 162 Cal.App.3d 1208, 1212 [209 Cal.Rptr. 108]; *Intagliata* v. *Shipowners & Mer. etc. Co.* (1945) 26 Cal.2d 365, 371 [159 P.2d 1].)

The only federal circuit court case we have found which interprets a passage contract limitations clause similar to the one in the instant lawsuit is *Schwartz* v. *S.S. Nassau* (2d Cir. 1965) 345 F.2d 465, 468.[2] In that case, as here, the contract also had a severability clause. The court interpreted the contract's limitations clause with reference to section 183b, holding that, under the contract's severability clause, the service of process provision in the limitations clause was severable. When the offending language regarding

---

[2]See the opinion for this case from the lower court, *Schwartz* v. *S.S. Nassau* (S.D.N.Y. 1963) 223 F.Supp. 374; and see the position advocated by the dissent in *Schwartz* v. *S.S. Nassau, supra*, 345 F.2d 465, which mirrors the position of the court in *Barrette* v. *Home Lines, Inc.* (S.D.N.Y. 1958) 168 F.Supp. 141. In *Barrette*, the court found the limitations clause invalid *in its entirety*. Respondents cite this court to *Anschul* v. *Sitmar Cruises, Inc.* (N.D.Ill. 1974) 67 F.R.D. 455, appeal dismissed, 544 F.2d 1364 (7th Cir. 1976), certiorari denied, 429 U.S. 907 [50 L.Ed.2d 1899, 97 S.Ct. 272] (1976), and several other cases, urging that in those cases the courts held that a clause similar to the one questioned here was binding. Those cases, however, are inapposite. Neither *Anschul*, nor any of the other cases cited by respondents, treats with the issue at bench, whether a service of process limitation violates sections 183b and 183c.

service of process was thus severed, the "other clearly legal provisions of the contract" were found to be valid and enforceable. (345 F.2d at p. 468.)[3]

Respondents urge this court to ignore the precedent of *Schwartz* on the ground the United States Supreme Court recently addressed appellant's contentions in *Carnival Cruise Lines, Inc.* v. *Shute, supra,* 499 U.S. 585, and found a forum-selection provision in a passage contract was enforceable.

In *Shute,* cruise ship passengers brought an action against the defendant cruise line in the state of Washington, seeking damages for injuries sustained in a slip and fall accident. Defendant's motion for summary judgment was granted, on the ground the court lacked jurisdiction because the forum selection clause in the passage contract required that suit be brought in the state of Florida. The Supreme Court agreed, holding that (1) a forum selection clause in a passage contract, requiring litigation of all disputes in Florida, was reasonable and enforceable and (2) the forum selection clause did not violate section 183c, which prohibits vessel owners from inserting in any contract a provision depriving a claimant of trial "by court of competent jurisdiction" for loss of life or personal injury resulting from negligence.

*Shute* is readily distinguishable. First, in the instant case, the challenged limitations clause is not reasonable because it effectively shortens the time to institute suit, in violation of section 183b. That is so because a claimant cannot reasonably be expected to file suit and serve the defendant on the same day. Second, if the service of process provision is enforced, the limitations clause may deprive a claimant of a trial "by court of competent jurisdiction," in violation of section 183c.

Thus, in the instant case, when we subject the limitations clause to judicial scrutiny for "fundamental fairness," as required by *Shute* (499 U.S. at p. __ [113 L.Ed.2d at p. 633, 111 S.Ct. at p. 1528]), the service of process provision of respondents' passage contract cannot stand. Therefore, we find that, as written, the limitations clause is unreasonable, unfair and violates the public policies set forth in sections 183b and 183c. However, the limitations provision challenged in the instant case is made valid and enforceable by

---

[3]In *Schwartz,* unlike the instant case, the limitations clause made specific reference to section 4283A (46 U.S.C. Appen. § 183b). Therefore, the court interpreted the phrase "and process served" to incorporate the statute by reference so that the phrase would then read "and process served where suit must be instituted by service of process." (345 F.2d at p. 486 italics omitted.) As thus interpreted, the clause would accommodate New York procedure where an action is commenced for the purpose of tolling the statute of limitations, not as under the federal rule by the filing of a complaint, but by the service of process. (See *id.* at pp. 467-468.)

simply severing therefrom the service of process language, pursuant to the teachings of the majority in *Schwartz* v. *S.S. Nassau, supra,* 345 F.2d 465.

■ Even though federal statutory law is involved, in the absence of contrary provisions in the federal statute, the law of the state is controlling in all matters of practice and procedure. (*Oldham* v. *Kizer* (1991) 235 Cal.App.3d 1046, 1070 [1 Cal.Rptr.2d 195]; *Bohme* v. *Southern Pac. Co.* (1970) 8 Cal.App.3d 291, 297 [87 Cal.Rptr. 286].) ■ Therefore, the statute controlling the time for service of process is California Code of Civil Procedure section 583.210, subdivision (a), which provides that a defendant must be served with the summons and complaint within three years after the complaint is filed. Since appellant served defendant with the summons and complaint 15 months after the complaint was filed, under the relevant limitations period of section 583.210, her action is not time barred.

In light of the foregoing discussion, the judgment must be reversed and the cause remanded to the trial court for further proceedings in accordance with the views expressed in this opinion.

### Disposition

The judgment is reversed and the cause remanded to the trial court with instructions. Appellant is awarded costs as the prevailing party.

Epstein, Acting P. J., and Vogel (C. S.), J., concurred.