[No. B166213. Second Dist., Div. Seven. June 9, 2004.]

ROSE SCHLESSINGER et al., Plaintiffs and Appellants, v. HOLLAND AMERICA, N.V., Defendant and Respondent.

554

## Counsel

Law Offices of Gary A. Schlessinger and Gary A. Schlessinger for Plaintiffs and Appellants.

Kaye, Rose & Maltzman, Lawrence W. Kaye, Elsa M. Ward and Sook H. Lee for Defendant and Respondent.

## Opinion

**PERLUSS, P. J.**—Rose Schlessinger, Virginia Adams and Renee Ladenheim sued Holland America N.V. (HAL) for damages caused by failure to warn and negligence after they became ill during a seven-day Alaskan cruise on a passenger ship operated by HAL. The trial court granted HAL's motion to dismiss the complaint based on a forum selection clause in the cruise ticket contract that required all disputes relating to the cruise to be litigated in

courts located in the State of Washington. Schlessinger[1] appeals on the ground she had insufficient notice of the forum selection clause. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *The Cruise Contract Terms and Conditions*

HAL's cruise contract provides: "All disputes and matters whatsoever arising under, in connection with or incident to this contract, the cruise, the cruisetour, the HAL land trip or the HAL air package shall be litigated, if at all, in and before the United States District Court for the Western District of Washington at Seattle, or, as to those lawsuits as to which the federal courts of the United States lack subject matter jurisdiction, in the courts of King County, State of Washington, U.S.A., to the exclusion of all other courts."

Although HAL's passengers do not receive their cruise contracts until the full cruise fare has been paid, at the relevant time sample contracts were available on HAL's Web site. In addition, HAL provides travel agents with a cruise brochure for distribution to potential HAL passengers. The 2002 Alaska cruises brochure provides in part: "Transportation aboard the ships is provided solely by the shipowners and charterers and pursuant to the Cruise Contract that you will receive prior to embarkation. A copy of the form of cruise contract will be provided upon request or can be viewed on our Web site: www.hollandamerica.com. Please note that the contract includes a clause specifying certain courts in the State of Washington as the exclusive forum of resolving disputes." The same provision also appeared on HAL's Web site.

### 2. *Schlessinger's Cruise and Subsequent Complaint*

Schlessinger booked a HAL cruise from Vancouver, Canada to Alaska through a travel agent on February 27, 2002. She made an initial deposit on May 20, 2002 and made her final payment on June 6, 2002. Her contract, along with those of her coplaintiffs, was mailed to her travel agent on July 9, 2002. The cruise departed on July 25, 2002. Schlessinger did not review HAL's Web site or the cruise brochure before receiving her contract. The record contains no evidence that she reviewed the contract after receiving it or that she objected to any of the terms of the contract, including the forum selection clause, at any time before the cruise.

During the cruise, Schlessinger and a number of other passengers contracted an intestinal illness, apparently as a result of a Norwalk virus

---

[1] Although all three plaintiffs are parties to this appeal only Rose Schlessinger filed a declaration in opposition to HAL's motion to dismiss. For the sake of clarity, references to Schlessinger include her coplaintiffs.

infection. Schlessinger and her coplaintiffs filed a putative class action lawsuit in Los Angeles County Superior Court, alleging HAL knew of the risk of an outbreak of Norwalk virus on its cruises. The first amended complaint, alleging causes of action for failure to warn and negligence, was filed on September 5, 2002. A virtually identical class action suit was filed in the United States District Court for the Western District of Washington on October 8, 2002.

### 3. *HAL's Motion to Dismiss*

Based on the forum selection clause in the cruise contract, HAL moved to dismiss the complaint pursuant to Code of Civil Procedure section 410.30, subdivision (a), which provides, "When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just."

Schlessinger opposed the motion, arguing that notice of the forum selection clause was untimely and that the clause was too inconspicuous to be enforceable. With her opposition papers Schlessinger filed a declaration stating she had never received the cruise brochure and had never viewed HAL's web site. She also declared the documents she received from her travel agent indicated she would not receive any refund if she cancelled her cruise within 23 days of the date of departure.

The motion was heard on November 22, 2002. On January 29, 2003 the trial court issued a statement of decision granting HAL's motion and dismissing the action, concluding under applicable federal maritime law that a forum selection clause is enforceable provided the plaintiff has had an opportunity to read the ticket contract before departure.[2]

---

[2] The trial court also noted that "allowing this class action to proceed in California, while an identical class action has been filed in the proper forum of Washington, would essentially require this Court to impermissibly and improperly create a separate subclass of the entire class here. Additionally, plaintiffs' counsel is married to one of the plaintiffs and is himself a putative class member, which creates a conflict of interest making it unlikely that he can properly proceed as the attorney representing the class. And, as HAL is located in Washington and the ship is not located within the State of California, a forum non conveniens analysis would likely result in the action having to proceed in Washington as the proper forum." Because we find the forum selection clause was properly enforced under federal maritime law, we need not address these alternative grounds for the trial court's decision.

## DISCUSSION

### 1. *Governing Legal Standards*

#### a. *Standard of Review*

■ A trial court's decision to enforce or not enforce a forum selection clause is reviewed for an abuse of discretion. (*America Online, Inc. v. Superior Court* (2001) 90 Cal.App.4th 1, 9 [108 Cal.Rptr.2d 699]; *Bancomer, S. A. v. Superior Court* (1996) 44 Cal.App.4th 1450, 1457 [52 Cal.Rptr.2d 435]; but see *Cal-State Business Products & Services, Inc. v. Ricoh* (1993) 12 Cal.App.4th 1666, 1680–1681 [16 Cal.Rptr.2d 417] [substantial-evidence test].)

#### b. *Enforceability of Provisions in the Cruise Contract*

■ Legal rights and liabilities relating to conduct that allegedly injured a party aboard a ship on navigable waters fall exclusively within federal admiralty jurisdiction. (*Kermarec v. Compagnie Generale* (1959) 358 U.S. 625, 628 [79 S.Ct. 406, 3 L.Ed.2d 550] ["[Plaintiff] was injured aboard a ship upon navigable waters. It was there that the conduct of which he complained occurred. The legal rights and liabilities arising from that conduct were therefore within the full reach of the admiralty jurisdiction and measurable by the standards of maritime law. [Citations.] If this action had been brought in a state court, reference to admiralty law would have been necessary to determine the rights and liabilities of the parties."].) This choice-of-law principle has been specifically applied to forum selection clauses in commercial cruise contracts: Enforceability of a forum selection clause in a passenger cruise contract "is a case in admiralty, and federal law governs the enforceability of the forum-selection clause . . . ." (*Carnival Cruise Lines, Inc. v. Shute* (1991) 499 U.S. 585, 590 [111 S.Ct. 1522, 113 L.Ed.2d 622]; accord, *Hayman v. Sitmar Cruises, Inc.* (1993) 14 Cal.App.4th 1499, 1504 [18 Cal.Rptr.2d 412] ["The validity of a passage contract provision is to be interpreted by the general maritime law of the United States, not state law."].)

■ Federal courts "employ a two-pronged 'reasonable communicativeness' test . . . to determine under federal common law and maritime law when the passenger of a common carrier is contractually bound by the fine print of a passenger ticket. [Citations.] '[T]he "proper test of reasonable notice is an analysis of the overall circumstances on a case-by-case basis, with an examination not only of the ticket itself, but also of any extrinsic factors indicating the passenger's ability to become meaningfully informed of the contractual terms at stake." ' [Citation.]" (*Wallis v. Princess Cruises, Inc.* (9th Cir. 2002) 306 F.3d 827, 835; see also *Shankles v. Costa Armatori, S.P.A.* (1st

Cir. 1983) 722 F.2d 861, 863–864; *Carpenter v. Klosters Rederi* (5th Cir. 1979) 604 F.2d 11, 12–13; *Silvestri v. Italia Societa Per Azioni di Navigazione* (2d Cir. 1968) 388 F.2d 11, 14–17.)[3] ■ Both California and federal law presume a contractual forum selection clause is valid and place the burden on the party seeking to overturn the forum selection clause. (*CQL Original Products, Inc. v. National Hockey League Players' Assn.* (1995) 39 Cal.App.4th 1347, 1354 [46 Cal.Rptr.2d 412]; *The Bremen v. Zapata Off-Shore Co.* (1972) 407 U.S. 1, 15 [92 S.Ct. 1907, 32 L.Ed.2d 513].)

### 2. The Trial Court Did Not Err in Enforcing the Forum Selection Clause

Under the federal two-prong test for enforceability of a cruise contract forum selection clause, the trial court was well within its discretion to grant HAL's motion to dismiss. It was reasonable to conclude that the contract itself adequately disclosed the forum selection clause, which was printed in all capital letters, in black ink on a tan background, under the heading "IMPORTANT NOTICE TO PASSENGERS" on the first page of the passenger's copy of the contract. Schlessinger's contention that, because the forum selection clause was set forth separately and not in the numbered paragraphs under the heading "terms and conditions," it was not part of the contract is unpersuasive: The page of the cruise ticket containing the forum selection clause states "this document is a legally binding contract."

■ The trial court was also well within its discretion to conclude Schlessinger and her coplaintiffs failed to produce extrinsic evidence sufficient to overcome the strong presumption under maritime law that forum selection clauses are valid. (See *The Bremen v. Zapata Off-Shore Co., supra,* 407 U.S. at p. 15; *Carnival Cruise Lines, Inc. v. Shute, supra,* 499 U.S. at pp. 590–595 [party resisting the clause's application bears the burden of showing enforce-

---

[3] Federal appellate courts review de novo, as a "question of law," whether a passenger has been provided with reasonable notice of a provision in a commercial cruise contract. (E.g., *Wallis v. Princess Cruises, Inc., supra,* 306 F.3d at p. 835; *Dempsey v. Norwegian Cruise Line* (9th Cir. 1992) 972 F.2d 998, 999; see also *Shankles v. Costa Armatori, S.P.A., supra,* 722 F.2d at p. 867.) As we explained in *County of Los Angeles v. Superior Court* (2000) 78 Cal.App.4th 212, 230 [92 Cal.Rptr.2d 668], however, even if federal law governs issues of substance with respect to a claim pending in state court, "the law of the state controls on matters of practice and procedure . . . ." We believe rules defining the standard of appellate review are, in general, procedural not substantive. (See *Gasperini v. Center for Humanities, Inc.* (1996) 518 U.S. 415, 438 [116 S.Ct. 2211, 135 L.Ed.2d 659] [in diversity case federal district court must apply state substantive rule protecting against excessive jury award of compensatory damages, but appeal from that decision is governed by traditional federal standard of review].) Accordingly, rather than independently deciding the issue of reasonableness, we review the trial court's decision to determine whether it abused its discretion in concluding, under the controlling federal law standard, that HAL's forum selection clause should be enforced under the circumstances of this case.

ment is unreasonable under the circumstances].) First, the fact that the forum selection clause may have been presented as a "take it or leave it" proposition, and not subject to negotiation, does not make the clause unenforceable. (*Carnival Cruise Lines*, at pp. 593, 601; *Net2Phone, Inc. v. Superior Court* (2003) 109 Cal.App.4th 583, 588–589 [135 Cal.Rptr.2d 149].) Second, a passenger need not have actually read or been aware of the provision to be bound by it, so long as he or she had an opportunity to review the contract before boarding. (*Hodes v. S.N.C. Achille Lauro Ed Altri-Gestione* (3d Cir. 1988) 858 F.2d 905, 911 ["The essential inquiry remains whether the ticket reasonably communicated to the passenger the conditions of the contract of passage *before* the passenger boarded the vessel"].) Indeed, contractual clauses have been affirmed where the passenger never opened the ticket packet before boarding. (*Geller v. Holland-America Line* (2d Cir. 1962) 298 F.2d 618, 619 [limitations period]; *Ferketich v. Carnival Cruise Lines* (E.D.Pa., Oct. 16, 2002, No. 02-CV-3019) 2002 WL 31371977, *4 [passenger had adequate notice of terms of ticket contract, including forum selection clause, because she received ticket before boarding, even though she would have forfeited entire cost of ticket if she had cancelled on receipt thereof].[4]) Third, forum selection clauses have been upheld when the contract provides for monetary losses in the event of cancellation even if the passenger, unlike Schlessinger, has received no notice of the cancellation loss schedule prior to receiving the ticket a few days before sailing. (*Walker v. Carnival Cruise Lines, Inc.* (N.D.Ill. 1987) 681 F.Supp. 470, 477–479.)[5]

■ In the present case the trial court reasonably found that Schlessinger had ample opportunity to familiarize herself with the terms of the contract via HAL's Web site or by requesting a copy of the contract from her travel agent. She simply failed to take advantage of these opportunities. (See *Net2Phone, Inc. v. Superior Court, supra*, 109 Cal.App.4th at p. 588 [no unfairness in requiring certain contract terms to be accessed via hyperlink].) It also properly concluded that Schlessinger's and her coplaintiffs' failure to produce any evidence that they read the contract, much less objected to the forum selection clause, at any time prior to the current litigation precluded them from contending, after the fact, that the clause was unenforceable because

---

[4] Opinions of the United States District Court that have not been published in the Federal Supplement are properly cited by this court as persuasive, although not precedential, authority. (*Bowen v. Ziasun Technologies, Inc.* (2004) 116 Cal.App.4th 777, 787, fn. 6 [11 Cal.Rptr.3d 522]; see also *City of Hawthorne ex rel. Wohlner v. H&C Disposal Co.* (2003) 109 Cal.App.4th 1668, 1678, fn. 5 [1 Cal.Rptr.3d 312].)

[5] We have no occasion in this case to determine the enforceability of the cancellation penalty against a passenger who lodges a bona fide objection to the forum selection clause after receiving the ticket. We note, however, that at least one cruise line apparently does have "a long-standing policy of providing full refunds to passengers who object to the terms of the Contract of Passage." (*Lurie v. Norwegian Cruise Lines, Ltd.* (S.D.N.Y. 2004) 305 F.Supp.2d 352, 358.)

they could not have objected to it without forfeiting some or all of the cruise fare. (See *Cross v. Kloster Cruise Lines, Ltd.* (D.Or. 1995) 897 F.Supp. 1304, 1309 [enforcing forum selection clause where plaintiff "did not even read the ticket until after she boarded the ship"].)

In support of her contention that the forum selection clause is unenforceable because she received the contract too late to cancel without forfeiting the cruise fare, Schlessinger relies primarily on *Corna v. American Hawaii Cruises, Inc.* (D.Hawaii 1992) 794 F.Supp. 1005 (*Corna*), a published trial court decision, in which the court refused to enforce a cruise-ticket forum selection clause because the plaintiffs, who booked their cruise on a standby basis and received the tickets only two to three days before departure, did not have the option of rejecting the contract without forfeiting the entire cruise fare. (*Id.* at pp. 1011–1012.) The district court concluded under the circumstances of that case the forfeiture provision violated the requirement of "fundamental fairness." (*Ibid.*)

As the trial court recognized in granting HAL's motion to dismiss, the situation in *Corna* is plainly distinguishable from the circumstances in the case at bar. In *Corna,* the extremely short standby period between booking and sailing meant the plaintiffs did not have any ability to become meaningfully informed of the contract terms, including the forum selection clause, in time to avoid forfeiting their cruise fare. (*Corna, supra,* 794 F.Supp. at p. 1011.) In contrast, in the present case, as in *Hicks v. Carnival Cruise Lines, Inc.* (E.D.Pa., July 26, 1994, No. 93-5427) 1994 WL 388678, *4, plaintiffs booked the cruise months in advance and had ample opportunity to become acquainted with the terms of the contract via the brochure, HAL's Web site and their travel agent. (*Ibid.* ["Hicks does not, nor can she, claim she was prevented from obtaining her tickets or information concerning its terms at an earlier date."]; see also *Lurie v. Norwegian Cruise Lines, Ltd., supra,* 305 F.Supp.2d 352, 360 [rejecting holding in *Corna* and concluding that when plaintiffs "had ample opportunity and incentive to review the provisions of the contract . . . any failure to do so on their part does not relieve them of the limitations therein"]; *Gomez v. Royal Caribbean Cruise Lines* (D.P.R. 1997) 964 F.Supp. 47, 50 ["The courts have also held that notice of important conditions of a passage contract can be imputed to a passenger who has not personally received the ticket or possession thereof. The ticket may be received by passengers themselves or by their travel agent."].) Moreover, as previously discussed, the weight of federal maritime authority holds that a forum selection clause is enforceable even if failure to accept the cruise contract terms would result in forfeiture of some or all of the cruise fare. (*Ferketich v. Carnival Cruise Lines, supra,* 2002 WL 31371977, *4 [citing cases and concluding "[b]ecause Ferketich admittedly received her ticket before departure, this Court finds that Ferketich was provided with reasonable

notice of the forum selection clause and therefore the provision satisfies the 'reasonable communication' standard."].)[6]

## DISPOSITION

The judgment is affirmed. HAL is to recover its costs on appeal.

Woods, J., concurred.

**JOHNSON, J.**—I concur in the result of the majority's typically well-written opinion primarily for reasons recited in footnote 2 of that opinion. Because it was then an unpublished opinion I saw no reason to explain I did not agree wholeheartedly with the rationale on which it was based. Now that it is to be published, however, and although time does not permit a thorough exposition of my position, I feel compelled to briefly register some concerns, This is particularly so because the broad language used in the opinion might affect trial court decisions involving situations far more egregious than the one before this court.

In my view, *Corna v. American Hawaii Cruises, Inc.*[1] (discussed in the maj. opn., *ante*, at p. 560) represents the correct approach and should apply not just to last minute standby passengers, but to anyone who receives their ticket a short time before boarding the ship and subject to forfeiture if they decide to cancel. This is especially true when, unlike the instant case, the forum provided is Timbuktu, or its equivalent.

There also is an implication passengers can be held to have "become meaningfully informed" of the forum selection clause merely because the shipping company has posted its form contract or contracts on the Internet. There may come a time when it is fair to assume all prospective passengers are computer savvy and proficient Internet surfers. Especially given the

---

[6] In *Carnival Cruise Lines, Inc. v. Superior Court* (1991) 234 Cal.App.3d 1019 [286 Cal.Rptr. 323], Division Three of this court remanded the case for further proceedings in the trial court on the issue of the sufficiency of the passenger's notice of the cruise ticket contract's forum-selection clause. For the guidance of the trial court, Division Three explained its view that "the forum-selection clause is unenforceable as to any particular plaintiff if the court determines that such plaintiff did not have sufficient notice of the forum-selection clause prior to entering into the contract for passage. Absent such notice, the requisite mutual consent to that contractual term is lacking and no valid contract with respect to such clause thus exists. (See, e.g., Civ. Code, §§ 1550, 1565, 1580.)" (*Id.* at pp. 1026–1027.) Because Division Three's analysis is based on California contract law, rather than federal admiralty law as now expressly required by *Carnival Cruise Lines, Inc. v. Shute, supra,* 499 U.S. at page 590, it provides no support for Schlessinger's argument that the clause at issue in this case is unenforceable.

[1] *Corna v. American Hawaii Cruises, Inc.* (D.Hawaii 1992) 794 F.Supp. 1005.

average age of cruise line passengers, however, that is not yet a realistic assumption. Nor was there anything in the record of this particular case establishing appellants had either the ability to access those contracts on the Internet or had done so. *Net2Phone, Inc. v. Superior Court*[2] (maj. opn., *ante*, at p. 559) on which the majority opinion relies for this point is not to the contrary. It deals with what can be reasonably expected of people who already are on the Internet, that is, to hyperlink to applicable contract terms. It says nothing about binding those who may lack computers or an Internet connection or who are computer illiterate to terms that are accessible only on a website.

I also am concerned the majority opinion elevates the holdings in a pair of unpublished U.S. District Court decisions to the status of binding California interpretations of federal maritime law as to certain critical issues. (See *Ferketich v. Carnival Cruise Lines*, discussed at maj. opn., *ante*, at pp. 559, 560–561[3] and *Hicks v. Carnival Cruise lines, Inc.*, discussed at maj. opn., *ante*, at p. 560.)[4] These cases appear to lay a fragile foundation for such an important and potentially influential California precedent.

On July 9, 2004, the opinion was modified to read as printed above. Appellants' petition for review by the Supreme Court was denied September 29, 2004. George, C. J., did not participate therein.

---

[2] *Net2Phone, Inc. v. Superior Court* (2003) 109 Cal.App.4th 583 [135 Cal.Rptr.2d 149].

[3] *Ferketich v. Carnival Cruise Lines* (E.D.Pa. 2002) 2002 WL 3131977.

[4] *Hicks v. Carnival Cruise Lines, Inc.* (E.D.Pa. 1994) 1994 WL 388678.