Filed 9/17/14  Starbbucks v. Outdoor Lifestyle CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| STARBUCKS CORPORATION, | D064637 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2013-00033844-CU-BC-CTL) |
| OUTDOOR LIFESTYLE, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Randa Trapp, Judge.  Reversed.

G&P Schick, Malcolm D. Schick and Tiffany A. LeMelle for Plaintiff and Appellant.

Law Offices of Robert Tauler and Robert Tauler for Defendant and Respondent.

This action arises from a warranty claim that plaintiff Starbucks Corporation (Starbucks) made against Outdoor Lifestyle, Inc. (Outdoor Lifestyle) based upon alleged defects in chairs that Starbucks purchased from Outdoor Lifestyle.  When Outdoor Lifestyle rejected Starbuck's warranty claim, Starbucks filed an action in the Superior

Court of San Diego County. In response, Outdoor Lifestyle brought a motion to stay or dismiss for forum non conveniens, based upon a forum selection clause in the warranty. The court granted the motion.

Starbucks appeals, asserting that the forum selection clause on its face only applies to arbitration, not civil actions. We conclude that Starbuck's interpretation of the forum selection clause is correct. Accordingly, we reverse.

FACTUAL AND PROCEDURAL BACKGROUND

Outdoor Lifestyle is a North Carolina-based furniture company that assembles and distributes residential and commercial furniture to various places, including California. Between September 2008 and early 2012, Starbucks purchased patio furniture from Outdoor Lifestyle, including chairs, for the purpose of providing outdoor seating to patrons of its stores located in Southern California. Outdoor Lifestyle expressly warranted its patio furniture as long-lasting and free from defect.

The express warranty specified the procedure whereby customers could submit warranty claims to the company in the event of product failures. Following these instructions is a forum selection clause which reads as follows:

> "Those purchasing furnishing from Outdoor Lifestyle, or obtaining services from the company, agree that should conditions arise where a situation needs to be redressed through arbitration, legal proceedings shall be pursued solely through the local courts of Gaston County, North Carolina."

According to Starbucks, on about December 28, 2011, a Starbucks patron was sitting in an Outdoor Lifestyle chair when it collapsed, causing injuries to the patron. Starbucks's subsequent inspection of the failed chair and additional Outdoor Lifestyle

2

furniture revealed the existence of a welding defect in each piece of furniture inspected. Upon discovery of the defect, Starbucks removed all Outdoor Lifestyle furniture from its stores.

Starbucks submitted a warranty claim to Outdoor Lifestyle, which Outdoor Life rejected. Thereafter, Starbucks filed a complaint against Outdoor Lifestyle in the Superior Court of San Diego County, asserting causes of action for breach of warranty.

Outdoor Lifestyle specially appeared on April 8, 2013, to file a motion to stay or dismiss the action for forum non conveniens  Outdoor Lifestyle argued that the forum selection clause applied not only to arbitral matters, but civil actions as well. Starbucks opposed the motion, arguing the plain meaning of the forum selection clause meant it applied only to arbitration, not civil actions. Starbuck also argued that rules of grammar limited its application to arbitration.

The court granted the motion, and dismissed the action. In granting the motion, the court stated: "Construing the warranty at issue here as a whole and construed to effectuate the obvious intention, the court finds there is a forum selection clause in the warranty provided to plaintiff Starbucks by Outdoor Lifestyle that contains language showing the jurisdiction of this action is appropriate only in Gaston County, North Carolina."

## DISCUSSION

### I. *STANDARD OF REVIEW*

There is a split of authority as to the appropriate standard of review on a motion to enforce a forum selection clause. Some courts have applied the abuse of discretion

standard.  (See *Schlessinger v. Holland America* (2004) 120 Cal.App.4th 552, 557; *America Online, Inc. v. Superior Court* (2001) 90 Cal.App.4th 1, 9; *Bancomer, S.A. v. Superior Court* (1996) 44 Cal.App.4th 1450, 1457.)  Others have applied the substantial evidence standard of review.  (*Cal-State Business Products & Services, Inc. v. Ricoh* (1993) 12 Cal.App.4th 1666, 1680-1681; *CQJ Original Products, Inc v. National Hockey League Players' Assn.* (1995) 39 Cal.App.4th 1347, 1354.)  Starbucks asserts that because the underlying facts of this case are undisputed, the standard of review is de novo.

We conclude that under any standard of review, the court erred in granting Outdoor Life Style's motion to dismiss for forum non conveniens.

## II.  *DISCUSSION*

### A.  *Law Governing Forum Selection Clauses*

Under California law, mandatory forum selection clauses such as the one at issue in the present appeal are given effect unless they are deemed unfair or unreasonable. (*Berg v. MTC Electronics Technologies Co.* (1998) 61 Cal.App.4th 349, 358.)  A forum selection clause is mandatory when it "contains clear language showing that jurisdiction is appropriate in the designated forum and none other."  (*Id.* at p. 360.)  The burden of proof for enforcement of a mandatory enforcement clause rests with the party opposing the enforcement.  (*Cal-State Business Products & Services, Inc. v. Ricoh, supra,* 12 Cal.App.4th at p. 1680.)

4

B. *Analysis*

The definition of the term "arbitration" is "[s]ettling an issue with a third party to avoid court."  (Black's Law Dictionary Free Online Legal Dictionary (2d ed.) http://www.thelawdictionary.org/arbitration-2/ (as of Sept. 15, 2014).)  Thus, by definition, arbitration is *not* a proceeding in court.

It is true that the forum selection clause at issue here is not a model of clarity. However, because Outdoor Lifestyle drafted the warranty, including the forum selection clause, any uncertainty must be construed against it.  (Civ. Code, § 1654; *Victoria v. Superior Court* (1985) 40 Cal.3d 734, 739; *Maggio v. Winward Capital Management Co.* (2000) 80 Cal.App.4th 1210, 1215.)

Here we conclude, construing the forum selection clause in Starbuck's favor, it applies only to arbitral matters, not civil actions such as this matter.  If Outdoor Lifestyle had intended it to apply to civil actions it could have easily omitted reference to the term "arbitration" altogether so that the forum selection clause read "should conditions arise where a situation needs to be redressed, legal proceedings shall be pursued solely through the courts of Gaston County, North Carolina."

Of course we must give a meaning to the phrase "legal proceedings."  We interpret that to merely be referring to *where* the arbitration will take place.

Moreover, when a phrase is set off from the rest of the main sentence by two commas, such as here, it should be read as a parenthetical phrase because "such a grammatical structure 'indicates an intent to segregate th[e phrase] from the rest of the sentence.'"  (*Dow v. Lassen Irrigation Co.* (2013) 216 Cal.App.4th 766, 783 (*Dow*).)

In *Dow,* the Court of Appeal reviewed a trial court's ruling which concerned the interpretation of a decree in the adjudication of water rights between Jay Dow and Lassen Irrigation Company.  The trial court held that the decree gave Lassen Irrigation Company the right to divert water from a river for direct application to beneficial use.  The Court of Appeal held that the trial court incorrectly interpreted the decree with respect to the reservoir owner's rights.

At issue was the meaning of a contractual clause which utilized a parenthetical phrase, as follows:  "'Irrigation Company shall be entitled to divert, *or store up to the present capacity of its reservoirs,* estimated at 31,500 acre-feet, from the natural flow of Susan River.'"  (*Dow, supra,* 216 Cal.App.4th at p. 783, italics added.)

Lassen Irrigation Company argued that the contractual clause expressly gave it the right to either divert water from the Susan River *or* store water from the river up to the capacity of its reservoirs.  Jay Dow argued that the provision should be construed as "'a parenthetical phrase explaining the meaning of the word "divert,"'" and as such, the clause meant that Lassen Irrigation Company could "divert, *in other words,* store up to the present capacity of its reservoirs."  (*Dow, supra,* 216 Cal.App.4th at p. 783.)  The trial court ruled in favor of Lassen Irrigation Company's interpretation, and Jay Dow appealed.

The Court of Appeal concluded that Lassen Irrigation Company's, and the trial court's, interpretation of the clause "fails to account for the two commas that set off the phrase 'or store up to the present capacity of its reservoirs, estimated at 31,500 acre-feet' from the remainder of the sentence."  (*Dow, supra,* 216 Cal.App.4th at p. 783.)  As the

6

Court of Appeal explained: "Had the drafters of the decree intended the meaning that the Irrigation Company advances (and that the trial court found), there would have been no need for the comma before the word 'or.'" (*Ibid.*)

The Court of Appeal concluded that the parenthetical phrase operated to give the word "or" its ordinary meaning (as a choice between alternatives). Under this interpretation, the parenthetical phrase was treated to mean "or store up to the present capacity of its reservoirs" as an alternative to the word "divert." (*Dow, supra,* 216 Cal.App.4th at p. 784.) Read in this manner, Lassen Irrigation Company did not have the broad scope in water rights it claimed.

Likewise, in this case the court should have construed the forum selection clause as containing a parenthetical phrase which explained the subject of the provision. The following clause constitutes the parenthetical phrase in this case because it is separated from the rest of the sentence by two (2) commas: "agree that should conditions arise where a situation needs to be redressed through arbitration." Read in its segregated state, the parenthetical phrase demonstrates that the topic of the forum selection clause is arbitration, not civil lawsuits.

Not only is the term "arbitration" isolated from the rest of the sentence, it is the only dispute process referred to in the parenthetical. Had Outdoor Lifestyle intended this clause to apply to proceedings other than arbitration, there would be no need to isolate the phrase with the use of two (2) commas. Instead, the clause would have simply stated the applicable proceedings were "arbitration, mediation, legal proceedings, or other actions."

7

As drafted, the commas separating the parenthetical phrase from the rest of the sentence create an order to the sequential elements of the sentence, as follows:  (1) furnishings are purchased or services are obtained from Outdoor Lifestyle; (2) should a situation occur which needs to be redressed through arbitration; (3) legal proceedings shall be commenced in Gaston County, North Carolina.  In other words, by isolating the clause concerning arbitration in a parenthetical, the sentence operates to instruct buyers of Outdoor Lifestyle furniture that, *if* conditions arise where grievances need redress through arbitration, *then* legal proceedings must be pursued in North Carolina.

Moreover, the omission of the terms "and" and "or" evidence Outdoor Lifestyle's intent to limit the application of the forum selection clause.  Outdoor Lifestyle could have included "and" or "or" in the forum selection clause so that it read " . . . should conditions arise where a situation needs to be redressed through arbitration *and/or* legal proceedings."  Had the clause been constructed in this manner, the terms "and" and "or" would have distinguished arbitration from "legal proceedings" as separate and distinct dispute processes.  In this light, the forum selection clause would have made clear its intention to encompass all legal proceedings.

In sum, we conclude the court erred in granting Outdoor Lifestyle's motion to dismiss for forum non conveniens, and dismissing the action.

8

DISPOSITION

The judgment is reversed.  Starbucks shall recover its costs on appeal.

NARES, J.

WE CONCUR:

HUFFMAN, Acting P. J.

AARON, J.

9