Filed 11/26/14  Karnazes v. Expedia CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ELIZABETH KARNAZES, | B250142 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC490524) |
| v. | |
| EXPEDIA, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Ronald M. Sohigian, Judge.  Affirmed.

Elizabeth Karnazes, in pro. per. for Plaintiff and Appellant.

Spertus, Landes & Umhofer, James W. Spertus and Ezra D. Landes for Defendants and Respondents.

Plaintiff and appellant Elizabeth Karnazes (Karnazes) appeals from the trial court's order granting a motion to quash service of summons pursuant to Code of Civil Procedure section 418.10, subdivision (a)(1)[1] and dismissing, pursuant to section 418.10, subdivision (a)(2) and section 410.30, her action against defendants and respondents Expedia, Inc. (Expedia) and United Nations Foundation, Inc. (UNF).[2] We affirm the trial court's order.

## BACKGROUND

### The parties

UNF is a New York non-profit corporation that was created in 1998 to support the causes and activities of the United Nations. In 2008, UNF sponsored the Friends of World Heritage Adventure Sweepstakes (Sweepstakes) that awarded to one prize winner a trip for two to one of 10 possible destinations. Expedia, a travel services company based in the State of Washington, provided the prize for the Sweepstakes. The prize trip was arranged through G.A.P. Adventures, Inc., a foreign corporation authorized to do business and registered in the State of New York.

Plaintiff Avram Hern (Hern)[3] was the Sweepstakes winner. He selected Karnazes as his travel companion.

### The Sweepstakes

The Sweepstakes was conducted via the internet, and entrants entered the Sweepstakes by accessing and submitting an online entry form. No cost or purchase was necessary to enter the Sweepstakes.

The official rules governing the Sweepstakes were available to all entrants via a highlighted hyperlink on the Sweepstakes entry page. The official rules contained the following forum selection clause:

---

[1] All further statutory references are to the Code of Civil Procedure.

[2] Expedia and UNF are referred to collectively as defendants.

[3] Hern is not a party to this appeal. Hern and Karnazes are sometimes referred to collectively as plaintiffs.

"14.  DISPUTES:  Except where prohibited, <u>each entrant agrees that:  (i)</u> <u>any and all disputes, claims and causes of action arising out of or connected</u> <u>with this Sweepstakes or any prize awarded shall be resolved . . .</u> <u>exclusively by the state and/or federal courts located in the State of New</u> <u>York</u>. . . .  All issues and questions concerning the construction, validity, interpretation and enforceability of these Official Rules, or the rights and obligations of the entrant and Sponsors in connection with the Sweepstakes, shall be governed, by and construed in accordance with, the laws of the State of New York without giving effect to any choice of law or conflict of law rules (whether of the State of New York or any other jurisdiction), which would cause the application of the laws of any other jurisdiction other than the State of New York."

The official rules further stated:

"4.  ACCEPTANCE OF THE OFFICIAL RULES:  By participating in the Sweepstakes, each participant unconditionally accepts and agrees to comply with and abide by these Official Rules and the decisions of Sponsor, which shall be final and binding in all respects."

Hern entered the Sweepstakes in 2008.  In August 2008, UNF informed Hern that he had been randomly selected as the Sweepstakes winner.  Expedia sent Hern a travel certificate that he was required to complete and sign in order to claim his prize.  The travel certificate states that the award travel had to be completed by December 30, 2008, and that the award was "subject to the promotion's Official Rules."  The travel certificate, which was signed by Hern, further states:  "By signing this document I confirm that I have read and understand the conditions of the Prize offered by Expedia, Inc."

After Hern won the Sweepstakes, he chose Egypt as his travel destination and Karnazes as his travel companion.  Thereafter, Hern and Karnazes impeded G.A.P. Adventures's efforts to coordinate the award trip by repeatedly changing their travel plans and insisting on conditions contrary to the award terms.  For example, although the Sweepstakes official rules provided that the winner would receive "roundtrip coach-class air transportation for two," Hern insisted that coach-class was unacceptable.  In addition, the official rules and the travel certificate signed by Hern stated that travel had to be completed by December 30, 2008, or "the Prize will forfeited in its entirety," but the

3

award travel was not completed by the required date because plaintiffs continually made changes to their travel plans. Although defendants granted plaintiffs an extension of the travel deadline, the trip was not completed by the extended date. Defendants then offered plaintiffs $5,000 so that plaintiffs could arrange the trip on their own. Plaintiffs rejected that offer.

**The instant action**

Plaintiffs filed the instant action for breach of contract, breach of the covenant of good faith and fair dealing, and fraud. Defendants made a special appearance in the trial court for the purpose of filing a motion to quash the summons pursuant to section 418.10, subdivision (a)(1), on the ground that the trial court should decline to exercise jurisdiction over defendants based on the forum selection clause contained in the Sweepstakes official rules, and to stay or dismiss the action pursuant to sections 410.30 and 418.10, subdivision (a)(2).

Defendants' motion was heard on May 17, 2013. After hearing argument from the parties, the trial court granted the motion and dismissed the action. Karnazes filed the instant appeal, electing to proceed with a clerk's transcript only and without a reporter's transcript.

## DISCUSSION

### I. General legal principles and standard of review

Under California law, a contractual forum selection clause is presumed valid and may be enforced, in the court's discretion, absent a showing that enforcement of the clause would be unreasonable. (*Smith, Valentino & Smith, Inc. v. Superior Court* (1976) 17 Cal.3d 491, 495-496 (*Smith*).) The party opposing enforcement of a forum selection clause bears the burden of proving that its enforcement would be unreasonable. (*Id*. at p. 496.) The additional cost or inconvenience of litigating in the designated forum are not relevant factors when determining whether or not enforcing a forum selection clause would be unreasonable. (*Ibid.*) "Unreasonable" in this context means that the selected forum is not suitable, available, or able to accomplish substantial justice, or that the choice of forum lacks a rational basis in light of the underlying facts. (*Cal-State Business*

4

*Products & Services, Inc. v. Ricoh* (1993) 12 Cal.App.4th 1666, 1679 (*Cal-State*); *America Online, Inc. v. Superior Court* (2001) 90 Cal.App.4th 1, 12 (*America Online*).) "Suitable" and "available" mean that a valid judgment can be obtained in the selected forum. (*America Online*, at p. 12.) "Normally, this is limited to a determination that there is jurisdiction over the dispute and the statute of limitations has not expired as of the time the motion is considered. [Citation.]" (*Ibid*. at fn. 5.)

A forum selection clause may be enforced unless there is evidence of unfair use of superior power to impose the contract upon the other party and that the clause was not within the reasonable expectations of the party against whom it is being enforced. (*America Online, supra*, 90 Cal.App.4th at p. 12.) Therefore, the fact that the clause is contained in a contract of adhesion and not the subject of bargaining does not defeat enforcement as a matter of law.

A defendant may enforce a forum selection clause by bringing a motion pursuant to sections 410.30 and 418.10. (*Cal-State, supra*, 12 Cal.App.4th at p. 1680.) Section 410.30, subdivision (a) provides: "When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just." Section 418.10, subdivision (a) allows a defendant to file a motion "[t]o quash service of summons on the ground of lack of jurisdiction of the court over him or her" and "[t]o stay or dismiss the action on the ground of inconvenient forum."

The case authority is divided with regard to the appropriate standard of review for a motion to enforce a forum selection clause. At least two appellate courts have applied a substantial evidence standard of review. (See, e.g., *CQL Original Products, Inc. v. National Hockey League Players' Assn.* (1995) 39 Cal.App.4th 1347, 1354; *Cal-State, supra*, 12 Cal.App.4th at p. 1680.) The majority of courts, however, have reviewed a trial court's decision to enforce a forum selection clause for abuse of discretion. (See, e.g., *Schlessinger v. Holland America* (2004) 120 Cal.App.4th 552, 557; *America Online, supra*, 90 Cal.App.4th at pp. 7-9; *Bancomer S. A. v. Superior Court* (1996) 44

5

Cal.App.4th 1450, 1457.) We apply the standard adopted by the majority and review the trial court's decision in this case for an abuse of discretion.

## II. Karnazes's procedural arguments

At the outset, Karnazes alleges several procedural errors regarding the trial court's order granting the motion to quash and dismissing the action. As we discuss, none of these alleged errors warrants reversal of the order.

Karnazes argues that defendants made a general appearance in this action by engaging in settlement discussions with plaintiffs and tendering a cash settlement offer. She cites *Air Machine Com SRL v. Superior Court* (2010) 186 Cal.App.4th 414 as support for her argument. That case, however, does not support Karnazes' position. The court in *Air Machine* held that settlement offers served on the plaintiff pursuant to section 998 after the defendants had filed motions to quash service of the summons under section 418.10, subdivision (a) did not constitute a general appearance in the action. Defendants in this case did not serve plaintiffs with a section 998 offer, and apart from the motion to quash, have filed no other pleadings in the trial court. *Air Machine* is thus inapposite.

Karnazes claims she was prejudiced because she was unable to appear personally at the hearing on the motion to quash and defendants refused to stipulate to continue the hearing date. The record shows that Karnazes filed an opposition to defendants' motion to quash, appeared telephonically at the hearing on the motion, and presented arguments that the trial court heard and considered. Karnazes suffered no prejudice.

Karnazes contends there was insufficient evidence to grant the motion to quash because none of the evidence defendants submitted in support of their motion was admissible. She urges us to disregard all such evidence in this appeal. Karnazes claims she objected to defendants' evidence, but because the audio connection was poor during her telephonic appearance at the hearing on the motion to quash, she never heard the trial court's ruling on her evidentiary objections. The record contains no written objections by Karnazes to defendants' evidence. To the extent that Karnazes raised her objections orally at the hearing on the motion to quash, there is no record of those alleged objections, as the record on appeal does not include a reporter's transcript. Karnazes

6

elected to appeal based on the clerk's transcript only, and our review is limited to determining whether any error "appears on the face of the record." (*National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 521; Cal. Rules of Court, rule 8.163.) The record discloses no evidentiary error.

## III. Enforcement of the forum selection clause

As the party opposing enforcement of the forum selection clause, Karnazes bore the burden of proving that its enforcement would be unreasonable.[4] (*Smith, supra*, 17 Cal.3d at p. 496.) She failed to sustain that burden. There was no showing that the designated forum was unavailable or unable to accomplish substantial justice in this case. Defendants concede that jurisdiction in New York is proper and that the statute of limitations under New York law had not expired with respect to plaintiffs' breach of contract and fraud claims at the time defendants brought their motion to quash.

The selected forum has a reasonable connection to the parties. Defendant UNF, the Sweepstakes sponsor, is a New York corporation. G.A.P. Adventures, the entity responsible for coordinating plaintiffs' travel was registered and authorized to do business in New York and had offices in New York during the relevant time period.

Hern had adequate notice of the forum selection clause. The clause was included in the official rules accessible to Hern via a hyperlink on the Sweepstakes webpage. In today's Internet age, courts have affirmed the validity of contract terms, including a forum selection clause, that must be accessed via such a hyperlink. (*Net2Phone, Inc. v. Superior Court* (2003) 109 Cal.App.4th 583, 588 (*Net2Phone*) ["We perceive no unfairness in Net2Phone's requirement that certain contractual terms must be accessed via hyperlink, a common practice in Internet business"].)

Hern voluntarily entered the Sweepstakes, thereby agreeing to its official rules, including the forum selection clause. In exchange for his agreement to be bound by the

---

**4** Karnazes devotes much of her appellate brief to argument that the trial court has jurisdiction over defendants because of defendants' minimum contacts with California. Defendants' contacts with California are not relevant in this case, which concerns enforcement of a forum selection clause.

official rules, Hern received, at no cost, the opportunity to win an all-expenses paid trip to Egypt. After winning the Sweepstakes, Hern signed a travel certificate in which affirmed that he had read, understood, and agreed to be bound by the official rules. That the forum selection clause may have been a "take it or leave it" proposition, and not vigorously "bargained for" does not make it unenforceable. (*Net2Phone, supra*, 109 Cal.App.4th at pp. 588-589.) A forum selection clause in a standardized contract imposed upon a party without an opportunity to negotiate its terms will be enforced so long as the clause provides adequate notice that the party was agreeing to jurisdiction in the specific forum. (*Hunt v. Superior Court* (2000) 81 Cal.App. 4th 901, 908; *Intershop Communications AG v. Superior Court* (2002) 104 Cal.App.4th 191, 201-202.) The forum selection clause at issue here plainly states that any and all disputes will be resolved in "the state and/or federal courts located in the state of New York."

As Hern's travel companion, Karnazes is also bound by the forum selection clause. "A forum selection clause may also be enforced against a plaintiff who is not a party to the contract in question if the plaintiff is 'closely related to the contractual relationship.'" (*Net2Phone, supra*, 109 Cal.App.4th at p. 588.) Karnazes is closely related to the contractual relationship between defendants and Hern. But for Hern's winning Sweepstakes entry and agreement to be bound by the official rules, including the forum selection clause, Karnazes, as Hern's selected travel companion, would not be a party to this action.

The record discloses no abuse of discretion by the trial court in granting the motion to quash the summons and dismissing the action.

## DISPOSITION

The order granting the motion to quash service of summons and dismissing the action is affirmed.  Defendants are awarded their costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
CHAVEZ


We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
HOFFSTADT

9