Filed 9/30/15  Goss v. Skipper CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| FREDDIE GOSS, | |
| Plaintiff and Appellant, | E056172 |
| v. | (Super.Ct.No. RIC531009) |
| MARILYN SKIPPER et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  Pamela Thatcher, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Freddie Goss, in pro. per., for Plaintiff and Appellant.

Gregory P. Priamos and Gary G. Geuss, City Attorneys, Robert L. Hansen, Assistant City Attorney, and Neil Okazaki, Deputy City Attorney, for Defendants and Respondents City of Riverside, Robert Isaac, and Lauren Skipper.

Law Office of Michael Geller Inc. and Michael S. Geller for Defendant and Respondent Marilyn Skipper.

1

Plaintiff and appellant Freddie Goss initiated this action against defendants and respondents Marilyn Skipper, City of Riverside, Robert Isaac, and Lauren Skipper. Plaintiff claimed that defendants maliciously prosecuted him for violation of the restraining order that required him to stay 100 yards away from Marilyn Skipper. Defendants successfully moved for summary judgment, and the trial court entered judgment in their favor. On appeal, plaintiff challenges the court's rulings and raises a number of contentions. For the reasons set forth below, we reject his claims and affirm the judgment.

## I. PROCEDURAL BACKGROUND AND FACTS

Plaintiff and Marilyn Skipper (Marilyn) obtained a judgment of dissolution of marriage in 1996. In June 2008, they shared joint legal custody of one child. On June 10, 2008, Marilyn obtained a one-year restraining order against plaintiff. Among other things, the order required him to "stay at least 100 yards away" from her. On June 17, 2008, Marilyn reported to the Riverside Police Department that plaintiff had violated the restraining order, and an arrest warrant was sought and obtained. Plaintiff was arrested and jailed. He was later charged with violating the court's restraining order; however, the trial resulted in an acquittal.

On July 14, 2009, plaintiff initiated this action. His second amended complaint was filed on February 26, 2010, alleging causes of action for malicious prosecution, false imprisonment, intentional infliction of emotional distress, and false arrest. The only claim alleged against Marilyn was for malicious prosecution. According to the second amended complaint, defendants fabricated documents to facilitate plaintiff's arrest,

2

falsely claimed that plaintiff had violated an injunction, and falsely imprisoned him. In November 2011, defendants successfully moved for summary judgment.

## II. STANDARD OF REVIEW

Summary judgment is properly granted if the "affidavits, declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice shall or may be taken" in support of and in opposition to the motion "show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subds. (b)(1), (c).)

"On review of a summary judgment in favor of the defendant, we review the record de novo to determine whether the defendant has conclusively negated a necessary element of the plaintiff's case or demonstrated that under no hypothesis is there a material issue of fact that requires the process of trial. [Citation.]" (*Ann M. v. Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666, 673-674, disapproved on other grounds in *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 527.) "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850, fn. omitted.) The scope of de novo review is determined by (1) the issues properly raised in the opening brief and (2) the record provided for the appellate court's review. (*Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 116.)

## III. DISCUSSION

Before reviewing plaintiff's claims, we first consider whether he has provided a record sufficient to permit such review. Defendants argue that his failure to provide an adequate record, coupled with deficiencies in his opening brief, prevent him from demonstrating prejudice.

The appellant bears the burden of providing an adequate record for review. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296.) Because the trial court's judgment is presumed to be correct, the appellant must overcome this presumption by presenting a record that affirmatively demonstrates error and prejudice. (*Gould v. Corinthian Colleges, Inc.* (2011) 192 Cal.App.4th 1176, 1181.) The appellant's failure to provide an adequate record on any issue requires that the issue be resolved against him. (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 [appellant challenged the trial court's order granting a motion to strike but failed to include copies of the motion and opposition].)

In addition to an adequate record, appellant's briefing also must state each claim under a separate heading summarizing the point, support each claim with argument and, if possible, with citation to authority. (Cal. Rules of Court, rule 8.204(a)(1)(B).) "Issues do not have a life of their own: if they are not raised or supported by argument or citation to authority, we consider the issues waived. [Citations.]" (*Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99.) In some cases, a reviewing court chooses to pass on the issue where the appellant has not carried his burden. In cases such as these, however,

4

where the unsubstantiated claim is coupled with an inadequate record, the reviewing court cannot meaningfully evaluate the claim at all.

We acknowledge that plaintiff is representing himself on appeal. Under the law, one may act as his own attorney if he chooses; however, when a litigant appears in propria persona, he is held to the same restrictive rules of procedure and evidence as an attorney—no different, no better, no worse. (*Doran v. Dreyer* (1956) 143 Cal.App.2d 289, 290-291; *Monastero v. Los Angeles Transit Co.* (1955) 131 Cal.App.2d 156, 160.)

Here, plaintiff has failed to provide the court with all of the relevant moving papers despite his numerous requests to augment the record.[1] For example, the record is missing Marilyn's motion for summary judgment, along with plaintiff's opposition.[2] In addition to the inadequate record, plaintiff's briefs are lacking both in content and organization. The opening brief consists of seven arguments with no separate headings summarizing the points: (1) material facts 18, 19, and 20 are disputed; (2) defendants acted with malice by knowingly making false statements against plaintiff and pressing baseless criminal charges; (3) material fact 24 is disputed; (4) plaintiff was not required to provide defendants with a copy of the child custody and visitation order which would have limited the reach of the restraining order; (5) the trial court should have given plaintiff the same "privilege or immunity" as it gave to defendants in failing to provide a copy of the child custody and visitation order; (6) there was no direct evidence of

---

[1] To the extent we reserved ruling on any of plaintiff's requests to augment the record, we now grant such requests.

[2] The state of the record on appeal made review challenging, if not difficult.

5

probable cause to support a declaration in support of an arrest warrant; and (7) the trial court erred in not considering specific circumstantial evidence. Each of these arguments is replete with bald assertions with minimal to no support from the facts or the law. Similar claims were made to the trial court that rejected them. For the remainder of this opinion, we will discuss only those claims plaintiff has made some effort to substantiate, even if not adequately, and which directly relate to his four causes of action.

**A. Summary Judgment Was Proper on Plaintiff's Claim for Malicious Prosecution.**

"Under California law, a police officer is granted statutory immunity from liability for malicious prosecution, but not for false arrest and imprisonment. [Citation.] Government Code section 821.6 provides: 'A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause.' But [Government Code] section 820.4, which grants immunity for a public employee's 'act or omission, exercising due care, in the execution or enforcement of any law,' states: 'Nothing in this section exonerates a public employee from liability for false arrest or false imprisonment.'" (*Asgari v. City of Los Angeles* (1997) 15 Cal.4th 744, 752-753 (*Asgari*), fns. omitted; Gov. Code, §§ 821.6, 820.4.) "Liability of the public entity that employs the officer follows from [Government Code] section 815.2, subdivision (a): 'A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.'" (*Asgari*, *supra*, at p. 753, fn. 6; Gov. Code, § 815.2.)

6

Subdivision (b) adds: "except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." (Gov. Code, § 815.2, subd. (b).) Accordingly, as a matter of law, the City of Riverside, Robert Isaac and Lauren Skipper are entitled to judgment on plaintiff's claim for malicious prosecution.

Regarding Marilyn, her actions were limited to making a police report of plaintiff's actions. She was not responsible for the decision to initiate criminal proceedings against plaintiff based on his violation of the restraining order. "By definition, a malicious prosecution suit alleges that the defendant committed a tort by filing a lawsuit. [Citation.]" (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 735, fn. omitted.) Thus, Marilyn is also entitled to judgment on plaintiff's claim for malicious prosecution.

## B. Summary Judgment Was Proper on Plaintiff's Claim for False Imprisonment and False Arrest.

"Although both false imprisonment and malicious prosecution may cause a person to be restrained or confined, under *Asgari* only damages attributable to injuries arising from false arrest and false imprisonment are compensable in an action under state law against a public entity and its employees." (*County of Los Angeles v. Superior Court* (2000) 78 Cal.App.4th 212, 220-221.) "'[F]alse arrest' and 'false imprisonment' are not separate torts. False arrest is but one way of committing a false imprisonment . . . . [Citations.]" (*Collins v. City and County of San Francisco* (1975) 50 Cal.App.3d 671, 673; see also *Asgari*, *supra*, 15 Cal.4th at p. 752, fn. 3.) "The tort of false imprisonment

7

is defined as 'the "unlawful violation of the personal liberty of another."' [Citation.] The confinement must be '"without lawful privilege."' [Citation.] . . . 'False arrest or imprisonment . . . relat[es] to conduct that is without valid legal authority . . . .' [Citations.]" (*Asgari*, *supra*, at p. 757.) If plaintiff's arrest was made pursuant to valid process, it cannot be a false arrest. (*Scannell v. County of Riverside* (1984) 152 Cal.App.3d 596, 608 [Fourth Dist., Div. Two].)

Here, Marilyn contacted police officers and reported that plaintiff had violated the restraining order by coming within less than 100 yards of her. Defendant Robert Isaac also spoke with Marilyn's son, who confirmed Marilyn's report. Based on Marilyn's and her son's reports, probable cause existed, which persuaded defendants that plaintiff had committed a crime. Probable cause is "a fluid concept—turning on the assessment of probabilities in particular factual contexts . . . ." (*Illinois v. Gates* (1983) 462 U.S. 213, 232.) "It is less than proof beyond a reasonable doubt [citation]; less than a preponderance of the evidence [citation]; and less than a prima facie showing [citation]." (*People v. Tuadles* (1992) 7 Cal.App.4th 1777, 1783, citing *Illinois v. Gates*, *supra*, at p. 235.) Defendants presented the information provided by Marilyn and her son to a trial court judge, who issued an arrest warrant. Because plaintiff was arrested pursuant to a valid arrest warrant, defendants were entitled to summary judgment on plaintiff's claims of false arrest and false imprisonment.[3]

---

[3] While plaintiff claims that defendants knowingly made false statements against him, the evidence shows they acted based on probable cause. A restraining order restricted plaintiff's contact and proximity to Marilyn. Plaintiff admitted that he was less

*[footnote continued on next page]*

**C. Summary Judgment Was Proper on Plaintiff's Claim for Intentional Infliction of Emotional Distress.**

A cause of action for intentional infliction of emotional distress must show that the defendant's conduct was "beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." (Rest.2d Torts, § 46, com. d, pp. 72-73; *Ross v. Creel Printing & Publishing Co.* (2002) 100 Cal.App.4th 736, 744-745.) To the extent plaintiff's claim for intentional infliction of emotional distress was based upon the purported false arrest or false imprisonment, the claim must fail. Defendants had probable cause to arrest plaintiff for a violation of the restraining order. Although plaintiff may have believed otherwise and felt personal outrage, a lawful arrest supported by probable cause is not "beyond all possible bounds of decency" or "intolerable in a civilized community." (Rest.2d Torts, § 46, com. d, pp. 72-73.) A civilized community authorizes and expects its law enforcement officers to effect arrests when there is probable cause to believe that someone has committed a chargeable

---

*[footnote continued from previous page]*

than 100 yards from Marilyn's home while she was on the porch. Given such admission, plaintiff was in violation of the restraining order.

On appeal, plaintiff contends the issues of whether he understood that he violated the restraining order, and whether he actually violated the restraining order, are disputed because the child custody and visitation order limited the reach of the restraining order and called into question the probable cause to support an arrest warrant. He further claims that defendants knew about the child custody and visitation order and thus acted with malice by knowingly making false statements against him. However, the child custody and visitation order was not attached to the restraining order and, as the trial court observed, "was not then made a part of CLETS, was not available to law enforcement . . . ." Its absence failed to provide defendants with notice of any limitations placed on the restraining order. Furthermore, plaintiff failed to present such order to defendants at the time of his arrest.

offense. Given the facts in this case, defendants were entitled to judgment on plaintiff's claim for intentional infliction of emotional distress.

### III.  DISPOSITION

The judgment is affirmed.  Defendants and respondents shall recover their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


      HOLLENHORST
                                          J.

We concur:


      RAMIREZ
                       P. J.

      MILLER
                       J.